IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MUHAMMAD KHALID KHAN,** : | | |
|     Petitioner : | | |
| : | | No. 1:23-cv-00122 |
| v. : | | |
| : | | (Judge Kane) |
| **WARDEN OF FCI-ALLENWOOD** : | | |
| **LOW,** : | | |
|     Respondent : | | |

## MEMORANDUM

Pending before the Court is Petitioner Muhammad Khalid Khan ("Petitioner")'s petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241 ("Section 2241"). (Doc. No. 1.) For the reasons set forth below, the Court will dismiss the petition as moot.

**I.  BACKGROUND**

On January 23, 2023, while incarcerated at Federal Correctional Institution Allenwood Low ("FCI Allenwood Low") in White Deer, Pennsylvania, Petitioner commenced the above-captioned action by filing his Section 2241 petition and supporting memorandum of law. (Doc. Nos. 1, 2.) Petitioner claims that his due process rights were violated in connection with his disciplinary hearing, which was held on September 23, 2021. (Id. at 6; Doc. No. 2 at 2–3.) In support of this claim, Petitioner alleges that he was not afforded the opportunity to access certain documentary evidence at his disciplinary hearing and that the disciplinary hearing officer never reviewed such documentary evidence, which Petitioner contends is exculpatory. (Id. at 1–4.) As for relief, Petitioner requests that the Court order the BOP to expunge his disciplinary record and restore his twenty-seven (27) days of good-conduct time. (Doc. Nos. 1 at 8; 2 at 4.)

Following some initial administrative matters (Doc. Nos. 4, 5), the Court, on March 1, 2023, deemed the petition filed, directed service of the petition on Respondent, who is the

Warden at FCI Allenwood Low, and directed Respondent to file a response to the allegations contained in the petition within twenty (20) days (Doc. No. 6). On March 21, 2023, Respondent filed a response, arguing that the petition should be denied by the Court because Petitioner was afforded all the due process protections that he was owed under the law. (Doc. No. 8.) As reflected by the Court's docket, Petitioner did not file a reply.

On July 14, 2023, the Court issued a Memorandum and Order wherein it concluded, after a thorough review of the record in this matter, that it could not resolve the petition based upon the record before it. (Doc. Nos. 9, 10.) In particular, the Court found that the record did not indicate whether Petitioner sought timely access to the potentially exculpatory evidence and, if he did, why the disciplinary hearing officer denied Petitioner such access. (Doc. No. 9 at 12.) In addition, because Respondent did not address Petitioner's specific allegations or submit the underlying evidence into the record, the Court also found that it could not discern whether the evidence was exculpatory such that it was central to Petitioner's ability to marshal the facts and mount a defense at his disciplinary hearing. (Id.) Finally, the Court found that the record also failed to indicate whether the disciplinary hearing officer had actually reviewed the underlying evidence or, stated differently, whether the disciplinary hearing officer had actually considered its potentially exculpatory value. (Id. at 12–13.)

Accordingly, the Court directed the parties to supplement the record in accordance with its discussion and findings. (Id.) The Court afforded Respondent twenty-one (21) days in which to supplement the record and to file supplemental briefing. (Doc. No. 10.) The Court also afforded Petitioner twenty-one (21) days after the date of Respondent's filings in which to file a response to the supplemental record and briefing. (Id.) In accordance with the Court's

directives, Respondent supplemented the record and filed supplemental briefing on August 2, 2023. (Doc. No. 11.)

Later that month, on August 29, 2023, the Court's July 14, 2023 Memorandum and Order, which was mailed to Petitioner at FCI Allenwood Low, were returned to the Court as undeliverable. (Doc. No. 13.) As a result, the Court reviewed the BOP's Inmate Locator, which revealed that Petitioner had been released from BOP custody on April 14, 2023. Thus, on September 5, 2023, the Court directed Petitioner to show cause, on or before September 26, 2023, as to why his Section 2241 petition should not be dismissed as moot. (Doc. No. 14.) On October 5, 2023, the Court's show cause Order was returned to the Court as undeliverable. (Doc. No. 15.) As reflected by the Court's docket, Petitioner has not filed a response to that show cause Order or updated the Court with his current mailing address.

## II.  DISCUSSION

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020) (quoting Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2)). In order "[f]or a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" See id. (quoting DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)). Consequently, "a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought." See id. (citing DeFoy, 393 F.3d at 441).

3

Nevertheless, a petitioner who has been released from custody "may obtain judicial review of a [habeas] petition by showing that he continues to suffer from secondary or collateral consequences of his conviction" see id. (citations omitted), or sentence, see Burkey v. Marberry, 556 F.3d 142, 148 (3d Cir. 2009). Generally speaking, "collateral consequences will be presumed when the [petitioner] is attacking his conviction while still serving the sentence imposed for that conviction [and] where the [petitioner] is attacking that portion of his sentence that is still being served." See id. (citing United States v. Jackson, 523 F.3d 234, 242 (3d Cir. 2008)).

Once a petitioner has been released, however, the Court does "not presume that a conviction carries collateral consequences." See Abreu, 971 F.3d at 406 (citing Burkey, 556 F.3d at 148). Instead, the Court "must 'address[ ] the issue of collateral consequences in terms of the likelihood that a favorable decision would redress the injury or wrong.'" See id. (quoting Burkey, 556 F.3d at 148). For that reason, "[i]t is not enough if 'collateral consequences proffered by the petitioner' amount to 'a possibility rather than a certainty or even a probability.'" See id. (quoting Burkey, 556 F.3d at 148).

Consistent with these principles, the Court finds that, while the instant petition is generally moot, as Petitioner was released from BOP custody on April 4, 2023, Petitioner may still obtain judicial review of his federal sentence if he can show that he continues to suffer from secondary or collateral consequences of that sentence. See id. Here, however, the Court finds that Petitioner has not demonstrated collateral consequences of his federal sentence, despite being afforded the opportunity to do so. (Doc. No. 14.) As a result, the Court concludes that his petition is moot.

### III. CONCLUSION

Accordingly, for the foregoing reasons, Petitioner's Section 2241 petition will be dismissed as moot. (Doc. No. 1.) An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
